**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN A. REYES,
                Appellant,

      v.

DEPARTMENT OF
   TRANSPORTATION,
                Agency.

DOCKET NUMBER
AT-1221-21-0604-W-1

DATE: February 3, 2023

# THIS ORDER IS NONPRECEDENTIAL[*]

Jeff T. Schrameck, Esquire, Canton, Michigan, for the appellant.

Stephanie A. Kevil, Esquire, Des Plaines, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as untimely filed without a showing of good cause for tolling the deadline. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      The appellant is an Air Traffic Control Specialist with the Federal Aviation Administration (FAA).  Initial Appeal File (IAF), Tab 7 at 54.  The appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the agency subjected him to a number of actions, including, among other things, improperly compensating him during the 2018-2019 Federal Government shutdown, retroactively changing his leave for December 23, 2018, charging him absence without leave, requiring him to work 8 hours without a break on March 23, 2021, and a hostile work environment.  IAF, Tab 1 at 23-24.  On June 25, 2021, OSC closed the appellant's file without taking corrective action, and it notified him of his right to file an IRA appeal with the Board.  *Id.*  The closeout letter stated that any IRA appeal must be filed "within 65 days after the date of this letter." *Id*. at 24.

¶3      On August 30, 2021, the appellant e-filed the instant IRA appeal.  IAF, Tab 1.  The administrative judge issued an order informing the appellant that his appeal appeared to be untimely and notifying him of the timeliness standards for an IRA appeal and the requirements for equitable tolling.  IAF, Tab 5 at 1-3.  He ordered the appellant to show cause why the appeal should not be dismissed as untimely.  *Id*. at 2.  In response, the appellant argued that he timely filed his appeal in accordance with the Board's regulation at 5 C.F.R. § 1201.23, which pertains to the computation of time for complying with "any deadline" and provides that a filing period will include the first workday after the filing date if the filing date falls on a weekend or Federal holiday.  IAF, Tab 18 at 4.  OSC issued its notification on June 25, 2021, and he asserted that 65 days after that was Sunday, August 29, 2021, therefore, he timely filed his appeal on Monday, August 30, 2021.  IAF, Tab 18 at 4.  The administrative judge, unpersuaded by

the appellant's claim, dismissed the appeal without holding a hearing because he found that it was untimely filed and that the appellant failed to establish that the time limit for filing the appeal should be tolled. IAF, Tab 22, Initial Decision (ID) at 1, 4-5.

¶4	The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. The agency has filed a response in opposition to the petition for review. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant timely filed his appeal.

¶5	The appellant challenges the administrative judge's finding that his appeal was untimely, reasserting that the time limit to file his IRA was extended to Monday, August 30, 2021 because the 65th day after his receipt of OSC's notification was Sunday, August 29, 2021. PFR File, Tab 3 at 5-6. We agree.

¶6	An appellant may file an IRA appeal with the Board once OSC closes its investigation into his complaint and no more than 60 days after "notification was provided" that OSC terminated its investigation of the appellant's complaint. 5 U.S.C. § 1214(a)(3)(A). Under the Board's implementing regulations, an IRA appeal must generally be filed no later than 65 days after the date OSC issued its close-out letter, or, if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt. 5 C.F.R. § 1209.5(a)(1); *e.g., Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 6 (2014). If the 65th day falls on a weekend or holiday, the filing period is automatically extended to the next work day. *Pry v. Department of the Navy*, 59 M.S.P.R. 440, 442-43 (1993); 5 C.F.R. § 1201.23.

¶7	Here, it is undisputed that OSC issued notification to the appellant on June 25, 2021, and the 65th day following that date was Sunday, August 29, 2021. ID at 4; IAF, Tab 1 at 4, 23-24, Tab 12 at 5. In the initial decision, the administrative judge found that when the appellant filed his appeal on August 30,

2021, it was 1 day late. *Id.* The administrative judge, citing *Heimberger*, 121 M.S.P.R. 10, ¶ 9, reasoned that the Board "must have a statutory mechanism for waiving a statutory deadline" and he had "not found any precedent for applying [5 C.F.R.] § 1201.23 to the statutory time limit for filing an IRA appeal." ID at 4-5. Thus, he concluded that the appellant untimely filed his IRA appeal. Further, he found that the appellant did not allege circumstances warranting invocation of the doctrine of equitable tolling. ID at 5. We disagree.

¶8    As noted above, the Board's regulations specifically provide that "[i]f the date that ordinarily would be the last day for filing falls on a Saturday, Sunday, or Federal holiday, the filing period will include the first workday after that date." 5 C.F.R. § 1201.23. The regulations governing IRA appeals, 5 C.F.R. Part 1209, specify that, unless expressly provided, the Board will apply certain subparts, including the subpart for computation of time, of 5 C.F.R. Part 1201 to IRA appeals. 5 C.F.R. § 1209.3; *see Pry*, 59 M.S.P.R. at 442-43. There is no contradictory provision for calculating time limits in Part 1209. *Pry*, 59 M.S.P.R. at 442-43. Thus, because August 29, 2021 was a Sunday, the filing period for the appellant's IRA appeal included the first workday that followed, August 30, 2021. *Pry*, 59 M.S.P.R. at 442-43 (finding that the 65-day filing deadline for IRA appeals includes the next available business day if the deadline would otherwise fall on a Saturday, Sunday, or Federal holiday). Accordingly, we find that the appellant's August 30, 2021 IRA appeal was timely, and the appeal must be remanded for further adjudication.

¶9    On remand, the administrative judge should develop the record, as needed, regarding the appellant's election of remedies, jurisdiction, and, if necessary, the merits of his claim before issuing a remand initial decision.

## ORDER

¶10     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                            /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.